HERMAN MEHLHOP, Plaintiff, *v.* CENTRAL UNION TRUST COMPANY OF NEW YORK, Defendant.

(Supreme Court, Bronx Trial Term, February, 1921.)

Mortgages — recovery of money paid for agreement extending mortgage, which agreement defendant failed to execute — failure of consideration — equity — when findings in foreclosure action not res adjudicata.

> One who had acquired the title to property at the sale on foreclosure of his own mortgage was told that he could have an extension for two years of the first mortgage upon the property, held by defendant and almost due, by a payment of $3,000 on the principal, interest and other charges, and in order to avoid personal liability he transferred the title to plaintiff who alone signed the extension agreement. The $3,000 was paid to defendant by plaintiff from funds furnished by his grantor but no part was ever returned by defendant, and it never executed the extension agreement. In an action to foreclose the first mortgage for its full amount, less the $3,000, the only issue litigated was whether there had been an extension, whether the mortgage was due when the action was begun. That issue was decided in favor of the plaintiff in the foreclosure action and it became the purchaser of the property at the sale. *Held,* that in an action to recover the $3,000, which had been applied by defendant on its mortgage, on the ground that the consideration had failed, the findings in the foreclosure action with reference to the payment of the $3,000 related to matters not litigated, and were not *res adjudicata* in the present action.

> The foreclosure action was not commenced until the two years had been nearly completed, and the trial and sale did not take place until after the lapse of such period, and in the meantime the plaintiff herein had carried the property. *Held,* that there was no controlling equity in defendant's favor, which has all it could have had if it had not taken the $3,000, and that plaintiff was entitled to recover such amount which had been paid for something he did not get.

ACTION to recover moneys.

Eugene Cohn (Louis Salant, of counsel), for plaintiff.

Larkin & Perry (Lewis 'H. Freedman, of counsel), for defendant.

Gavegan, J.   This is an action to recover moneys paid to defendant, it being claimed that the consideration has failed.   One Haebler, for whom Mehlhop, the plaintiff, is apparently acting, held a mortgage on some lots in The Bronx.   In December, 1915, he acquired title to the lots as a result of foreclosing his mortgage.   The first mortgage, in amount $30,000, was coming due on January 8, 1916.   It was held by defendant.   Haebler called on defendant's real estate officer and was told he could have an extension for two years (to January 8, 1918) if he paid off $3,000, reducing the mortgage to $27,000.   He was not on the bond, but the mortgage was a lien on the land to which he had acquired title.   He was agreeable and the real estate officers of defendant sent him to the defendant's lawyers, whose representative made a memorandum of the principal terms and, later on, prepared and mailed to Haebler an extension agreement as arranged.   Haebler never signed it, but, evidently for the purpose of avoiding personal liability, trnsferred title to this plaintiff.   Their lawyer substituted plaintiff's name and address for Haebler's and had plaintiff execute the extension.   The necessary funds having been provided by Haebler, the lawyer delivered to the representative of the trust company the extension, signed by plaintiff, at the same time paying the $3,000 on the principal of the mortgage, the interest due on that day, January 8, 1916, the amount of the disbursements which the trust company would have to make for revenue stamps and the fee of the lawyers for drawing the extension.

No part of those moneys seems ever to have been returned by the trust company and it never executed

the extension. When it was discovered that plaintiff and not Haebler had executed the extension defendant's lawyers wrote a letter demanding that Haebler execute it.

Subsequent developments are not very clear, until some time in November, 1917 (less than two months before January 8, 1918) when the trust company began to foreclose. Mehlhop, a defendant in the foreclosure action, plaintiff here, alone answered. His answer is verified January 24, 1918. He pleaded that the mortgage had been extended, that it was not due when the action to foreclose began. The case was tried in March, 1918. Inasmuch as the trust company had never executed or delivered the extension, that issue was decided for the trust company. The property was sold under the foreclosure and was bought in by the trust company.

Thereafter this action was begun to recover the $3,000. It had been applied by defendant on the principal of the mortgage and it foreclosed for $30,000 less the $3,000, for $27,000.

(1) Defendant relies on the findings in the foreclosure action relating to the payment of $3,000 as on account of the principal of the mortgage. In that action the question litigated was whether there had been an extension, whether the mortgage was due when the action was begun. The defendant owner did not take the position that the amount was less than the mortgagee claimed. And there was no issue as to the amount claimed. The findings which relate to the $3,000 payment, its purpose and character, are not the outcome of the determination of the issues in the action. They relate to matters not there litigated and are not binding between the parties. The defense of *res adjudicata* failed in this action.

(2) As to the argument based upon the assertion

that a parol extension resulted from the arrangements made with Haebler: Passing by the fact that the mortgagee, this defendant, successfully contended in the foreclosure action that the mortgage had not been extended, the testimony as to what happened when Haebler called shows that a parol contract of extension had not been made. The representative of the mortgagee, as well as Haebler, did not regard those negotiations as a contract but they contemplated the subsequent execution of a contract in writing. Apparently they did not go into details as to the clauses to be contained in it. There is no testimony warranting a conclusion that Haebler knew or was informed that it would read to make him personally liable on the debt. It is probable that his discovery of that clause led him to substitute plaintiff in his stead. Furthermore, such parol contracts of extension are unusual. It is usual to regard the matter as not being closed until the execution and delivery of the written agreement.

(3) The equities are not with the mortgagee though the foreclosure was not commenced until the two years had been nearly completed and the trial and sale did not occur until after such period had elapsed. The plaintiff had carried the property. The mortgagee, which has the property and the bond, lost nothing by waiting. It gained by the amount of carrying charges paid by plaintiff. While plaintiff paid the same it waited, its representatives probably hoping that plaintiff's chance of getting back the $3,000 would grow dim with time. He had not received what had been bargained for but was in no position to immediately sue to recover the money paid; for the mortgagee had the whip hand. His safety was dependent upon the good will of the mortgagee. He could safely do nothing but wait so long as the Statute of Limita-

tions permitted. Recovery for failure of consideration implies unjust enrichment to the defendant. Where time has not worked equities clearly against the plaintiff lapse of time is material only in considering whether the Statute of Limitations has expired.

There being no controlling equity in defendant's favor plaintiff is entitled to recover the $3,000, as he was at the moment he paid for something he did not get. While the $3,000 was intended to be applied to reduce the mortgage, it was to be paid only if the mortgage was extended. On no other condition did the defendant have the right to accept it in reduction of the mortgage. At that time and at all subsequent times the mortgagee acted voluntarily. It held the $3,000 and had the right to foreclose. But it did not change the equities by holding the money and waiting its best interest as well as its convenience. And it lost nothing by waiting. It has the property and the bond, or a deficiency judgment, all it could have had if it had not taken the $3,000.

Verdict will be directed for the plaintiff.

Judgment for plaintiff.